IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANQUIN ST. JUNIOUS,

        Plaintiff,                       OPINION AND ORDER

v.

                                             20-cv-826-wmc

WARDEN LARRY FUCHS,
BRIAN GUSKE, and LT. GERRY,

        Defendants.

---

*Pro se* plaintiff AnQuin St. Junious is incarcerated at Columbia Correctional Institution ("CCI") and claiming that: (1) he suffered unsafe conditions in segregation for 120 days in retaliation for threatening to sue CCI's Security Director Brian Guske; and (2) Guske, CCI's Warden Larry Fuchs and Lt. Gerry knew of the unsanitary conditions of the cell in which he was placed. Plaintiff St. Junious was given leave to proceed under § 1983 on First Amendment retaliation and Eighth Amendment conditions of confinement claims against all three defendants. (Dkt. #12.) Following discovery, defendants have moved for summary judgment on all of St. Junious's claims for failing to exhaust his administrative remedies before filing in federal court. (Dkt. ##18, 25.) For the following reasons, the court will grant defendants' motion for summary judgment and dismiss plaintiff's claims without prejudice.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all of the prison's rules for completing its grievance process.

*Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).  This includes:  (1) compliance with instructions for filing an initial, administrative grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) pursuing *all* available appeals from a denial of a grievance "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025; *see also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).  Moreover, "[e]xhaustion is necessary even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.").

The purpose of this exhaustion requirement is to afford prison administrators a fair opportunity to resolve a prisoner's grievance without litigation.  *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006).  Thus, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must prove, *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018); and at summary judgment, defendants must specifically show that: (1) there is no genuine dispute of material fact as to plaintiff's failure to exhaust; and (2) they are entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners must begin the exhaustion process by filing a grievance with an institution complaint examiner ("ICE") within 14 days after the incident giving rise to the grievance.  Wis. Admin. Code § DOC 310.07(2).  Among other requirements, a grievance must contain only one, clearly identified issue, as well as sufficient information for the Department of Corrections to investigate and decide the complaint.  § 310.07(5)-(6).  While the ICE may reject a grievance for specified reasons, § 310.10(6), the prisoner

may still appeal the rejection to the appropriate reviewing authority within 10 days under § 310.10(10).  If the ICE accepts the grievance, then a recommendation is made to the reviewing authority, who in turn renders a decision.  §§ 310.10(12), 310.11.  Next, if the ICE's recommendation is unfavorable, then the prisoner may appeal to the corrections complaint examiner ("CCE") within 14 days of the decision, unless good cause is shown for an untimely appeal.  § 310.12(1), (6).  Finally, the CCE makes a recommendation to the DOC Secretary, who will take final action on the prisoner's grievance.  § 310.13.

Here, plaintiff did not exhaust the one grievance he submitted relevant to the claims in this case.  Specifically, in CCI-2020-9143, received by the ICE on May 27, 2020, plaintiff alleged retaliation by CCI's "[a]dministration" and being wrongfully disciplined.  (Dkt. #20-2 at 6.)  He also indicated that he contacted several individuals within CCI about a transfer as a solution, but had not received any response.  Before the ICE took any action, however, plaintiff submitted an information request indicating that he had made a "mistake" and withdrawing the grievance because the issue had been resolved.  (*Id.* at 11.)  The ICE then rejected the grievance as moot, and plaintiff did not appeal that ruling.  (*Id.* at 2.)

Still, plaintiff now argues that he exhausted his claims by submitting "multiple informal complaints" to the warden, who ordered a disciplinary rehearing.  (Dkt. #31 at 4.)  In support, plaintiff attaches a three-page interview request dated June 24, 2020, in which he asked to be released from solitary confinement, disputed the validity of the conduct report, and claimed that the rehearing did not cure its procedural defects.  (Dkt. #31-4.)  Plaintiff notes that as part of the grievance process, prisoners must try to resolve

3

their issues informally before filing a grievance. (Dkt. #31-1.) However, this informal request does not discuss his claims in this lawsuit for retaliation or his conditions of confinement. *See* Wis. Admin. Code § DOC 310.09 (requiring prisoners to "clearly identify the issue" in their grievances). Moreover, plaintiff was still required to file *and* exhaust fully any grievances about those issues *after* trying to resolve them informally. (*See* dkt. #31-1.) Plaintiff does not even suggest that he was prevented from subsequently filing a grievance by prison officials. Accordingly, the court must dismiss both of his unexhausted claims in this case.

The two cases cited by plaintiff do not compel a different conclusion. In *Goodvine v. Gorske*, it was undisputed that the prison's handbook instructed prisoners to try to resolve their disputes informally before filing grievances. No. 06-C-0862, 2008 WL 269126, at *6 (E.D. Wis. Jan. 30, 2008). Indeed, two of the plaintiff's grievances were returned to him unfiled *because* he had not done so. *Id.* at *5. Here, the institution accepted plaintiff's retaliation grievance, which plaintiff tried to informally resolve, but *he* then chose to withdraw it as resolved before the ICE took any action.

Second, the decision in *Westefer v. Snyder*, 422 F.3d 570 (7th Cir. 2005), is of no help to plaintiff either. In that case, the court considered what administrative procedures an Illinois state prisoner should use to challenge his transfer to another institution. *Id.* at 577-78. The court found that because the record was "hopelessly unclear" as to whether any administrative remedy was available for the plaintiffs to challenge their transfers through the grievance process, the defendants did not prove that the plaintiffs failed to exhaust an available administrative remedy. *Id.* at 580. In contrast, the record here is not

4

unclear at all; nor does plaintiff claim that he was confused about what to do. To the contrary, plaintiff had filed 23 grievances on various issues *before* filling the grievance at issue here. (Dkt. #20-1 at 1-2.) Thus, the record establishes that plaintiff knew both to try to resolve his retaliation concerns informally and then to file a grievance. The fact that plaintiff instead chose to withdraw that grievance formally as resolved makes *Westefer* wholly inapplicable.

The court will, therefore, grant defendants' motions and dismiss plaintiff's claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). Plaintiff can refile these claims if he can successfully exhaust them, but he will likely find it impossible to file a proper grievance because the relevant events happened too long ago.

ORDER

IT IS ORDERED that:

1) Defendants' motions for summary judgment for failure to exhaust administrative remedies (dkt. ##18, 25) are GRANTED and plaintiff's claims are DISMISSED without prejudice.

2) The clerk of court is directed to enter final judgment accordingly.

Entered this 3rd day of April, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge